ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ROLAND CORDERO PEÑA<br><br>Recurrido<br><br><br>v.<br><br><br>ROSA I. CRUZ BURGOS<br><br>Peticionaria | KLCE20230106 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2022RF00793<br><br>Sobre: Alimentos Excónyuges |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez, el Juez Rodríguez Flores, y el Juez Gómez Monge.

Figueroa Cabán, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece Rosa I. Cruz Burgos, en adelante la Sra. Cruz o la peticionaria, y solicita la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, se declaró No Ha Lugar una solicitud de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil de la demanda de pensión excónyuge presentada por Roland Cordero Peña, en adelante el Sr. Cordero o el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

**-I-**

Surge del expediente que el Sr. Cordero radicó una *Demanda*[1] por pensión excónyuge contra la Sra. Cruz en la cual alegó:

---

[1] Apéndice de la peticionaria, págs. 79-80.

Número Identificador

RES2023_____

. . . . . . . .

5. […] El [recurrido] no cuenta con medios suficientes para vivir y en la actualidad está sufriendo vicisitudes y carencias, ya que no puede proveer para sus necesidades básicas.

6. El [recurrido] es una persona de 80 años de edad cuyos únicos ingresos son los beneficios del seguro social los cuales resultan insuficientes para poder sostenerse.

7. Al presente, el Sr. Cordero tiene serias condiciones de salud y le acaban de diagnosticar cáncer del colon.

8. El demandante tiene gastos de salud, alimentación, vestimenta, vivienda, utilidades, transportación y otros que no están siendo satisfechos adecuadamente.

9. La parte [peticionaria] ejerce como médico y cuenta con ingresos sustanciales, así como un caudal considerable.

10. Por carecer de medios para su sustento, el [recurrido] solicita se le ordene a la parte [peticionaria] el pago de una pensión excónyuge no menor de $4,000.00 mensuales.

11. La [peticionaria] cuenta con ingresos sustanciales y capacidad para suministrar dicha pensión.

12. Ante el estado de indefensión económica en que se encuentra el [recurrido], se solicita se le imponga a la [peticionaria] el pago de costas, gastos y una cantidad razonable de honorarios de abogados no menor de $6,000.00.[2]

Por su parte, la Sra. Cruz presentó una *Moción de Desestimación a tenor con la Regla 10.2 (5) de Procedimiento Civil*[3] en la que arguyó que, el recurrido, se limitó a alegar necesidad económica sin detallar que estas surgen como consecuencia del divorcio.[4] Con la moción incluyó como anejo los siguientes documentos: (1) *Escritura de Capitulaciones Matrimoniales*;[5] (2) *Demanda* de divorcio;[6] (3) *Requerimiento de Admisiones* (al recurrido);[7] (4) *Contestación a Requerimiento de*

---

[2] *Id.*
[3] *Id.*, págs. 12-70.
[4] *Id.*, pág. 12.
[5] *Id.*, págs. 24-42.
[6] *Id.*, págs. 43-45.
[7] *Id.*, págs. 46-47.

*Admisiones;*[8] (5) *Primer Pliego de Interrogatorio* (al recurrido);[9] (6) la *Resolución* del TPI que incluye los acuerdos de las partes para terminar con las reclamaciones del peticionario en el pleito de divorcio;[10] (7) *Sentencia* de divorcio;[11] (8) documentos relacionados con el financiamiento de la compra de un vehículo de motor del recurrido;[12] y, finalmente, (9) la *Declaración de beneficio de seguro social* del Sr. Cordero.[13]

Posteriormente la peticionaria presentó una moción suplementaria[14], para incluir como parte de los anejos de la moción de desestimación, la *Contestación al Primer Pliego de Interrogatorio* instada por el recurrido.[15]

Oportunamente, el Sr. Cordero presentó una *Oposición a Moción de Desestimación* en la que sostuvo, en esencia, que cumple con los criterios necesarios para solicitar una pensión excónyuge, por lo cual procede declarar no ha lugar la desestimación.[16]

Así las cosas, el TPI emitió una *Resolución*[17] en la que resolvió:

> [T]omando como ciertas y buenas todas las alegaciones bien y claramente aseveradas en la *Demanda*, no procede su desestimación en esta etapa de los procedimientos. En la *Demanda* de alimentos excónyuges, Cordero Peña alegó que estuvo casado con Cruz Burgos y que, desde que se decretó el divorcio, no cuenta con medios suficientes para vivir y que está sufriendo vicisitudes y carencias, ya que no puede proveer para sus necesidades básicas. Además, sostuvo que es una persona de 80 años, cuyos ingresos son los beneficios del seguro social, los cuales resultan insuficientes para poder sostenerse. Por lo tanto,

---

[8] *Id.,* págs. 48-50.
[9] *Id.,* págs. 51-61.
[10] *Id.,* págs. 62-64.
[11] *Id.,* págs. 65-66.
[12] *Id.,* págs. 67-69.
[13] *Id.,* pág. 70.
[14] *Id.,* pág. 81.
[15] *Id.,* págs. 81-89.
[16] *Id.,* págs. 96-104.
[17] *Id.,* págs. 2-11.

interpretando las alegaciones hechas en la *Demanda* conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante, determinamos que esta expone una reclamación que justifica la concesión de un remedio.

. . . . . . . .

Cruz Burgos no demostró que Cordero Peña no tiene derecho a remedio alguno. Así, tomando en consideración que los alimentos entre excónyuges tienen su fundamento en el deber jurídico que tienen estos de prestarse mutuo socorro en ocasión de que no cuenten con medios suficientes para vivir, y que este derecho nace una vez decretado el divorcio y no antes, no procede acoger la solicitud de desestimación en estos momentos. No obstante, es importante destacar que este pronunciamiento no constituye una determinación en los méritos.[18]

Inconforme, la Sra. Cruz presentó una *Moción de Determinaciones de Hechos Adicionales y Reconsideración,*[19] que el TPI declaró No Ha Lugar.[20]

Por entender que erró el TPI en su determinación, la peticionaria presentó el recurso de *Certiorari* ante nuestra consideración en el que aduce que se incurrió en los siguientes errores:

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO DESESTIMAR LA CAUSA DE ACCIÓN, YA QUE EN LA PETICIÓN PRESENTADA EL RECURRIDO NO ALEGA HECHOS DEMOSTRATIVOS DE QUE SU ESTADO DE NECESIDAD ES SECUELA DE LA RUPTURA CONYUGAL; ES DECIR, QUE NACE DE ESE EVENTO Y VA DIRIGIDA A CONJUGAR LAS NECESIDADES ALIMENTARIAS DERIVADAS DEL DIVORCIO COMO LO REQUIERE EL ESTADO DE DERECHO DEL ART. 466 DEL CÓDIGO CIVIL DE 2020 Y NUESTRO DERECHO PROCESAL.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO CONSIDERAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE PETICIONARIA COMO UNA SOLICITUD DE SENTENCIA SUMARIA A TENOR CON LA REGLA 10.2(5) DE PROCEDIMIENTO CIVIL, Y SUJETO A TODOS LOS TRÁMITES ULTERIORES PROVISTOS EN LA REGLA 36 DE PROCEDIMIENTO CIVIL.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO INCORPORAR EN LA RESOLUCIÓN COMO DETERMINACIONES DE HECHOS NO CONTROVERTIBLES, HECHOS CORROBORADOS CON LA PRUEBA SOMETIDA Y LOS CUALES NO FUERON CONTROVERTIDOS POR LA PARTE RECURRIDA.

Con la petición de *Certiorari* la Sra. Cruz presentó una *Moción en Auxilio de Jurisdicción* en la

---

[18] *Id.,* pág. 10.
[19] *Id.,* págs. 71-77.
[20] *Id.,* pág. 78.

que solicitó que paralizáramos lo trámites ante el foro sentenciador hasta que adjudiquemos el recurso de epígrafe.

En cumplimiento con una orden previa, el Sr. Cordero se opuso tanto a la solicitud de auxilio de jurisdicción como a la expedición del auto.

Examinados los escritos presentados por las partes y los documentos que obran en el expediente estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[…].[21]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

---

[21] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[22] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[23]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[24]

---

[22] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[23] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[24] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

**B.**

Es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas. Además, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[26]

**-III-**

Aunque por tratarse de un caso de reclamaciones de familia podríamos, por excepción, revisar la resolución recurrida, hemos decidido no hacerlo. De la lectura atenta de los documentos que obran en autos se desprende que no se configura ninguna de las situaciones que contempla la Regla 40 de nuestro Reglamento que justificaría nuestra intervención.[27]

Tampoco observamos indicio alguno de craso abuso de discreción en las medidas sobre manejo del caso

---

[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera Durán v. Banco Popular*, 152 DPR 140, 154 (2000).
[26] *Mejías et al. v. Carrasquillo et al,* 185 DPR 288, 306-307 (2012).
[27] 4 LPRA Ap. XXII-B, R. 40.

tomadas por el foro sentenciador, supuesto que justificaría expedir el auto.[28]

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Rodríguez Flores disiente, muy respetuosamente, de la mayoría, con la siguiente expresión.

> La demanda de alimentos entre excónyuges presentada por el Sr. Roland Cordero Peña, aproximadamente ocho (8) meses después de su divorcio, carece en alegar y detallar que la necesidad de alimentos surge como **consecuencia directa** del divorcio. Por lo anterior, entiendo que el Sr. Cordero Peña no cumplió con la Regla 6.1 de las de Procedimiento Civil del 2009 y tampoco con lo resuelto en *Morales* v. *Jaime,* 166 DPR 282 (2005). Soy de la opinión, que la liberalidad y favorabilidad con la que se debe atender una solicitud de desestimación bajo la Regla 10.2, en beneficio de un demandante, no pueden ser utilizadas para omitir o subsanar la falta de **hechos suficientes** para una reclamación válida. A la luz de los escritos que obran en el expediente apelativo, concluyo que el Sr. Cordero Peña no tiene derecho al remedio provisto por el Artículo 466 del Código Civil del 2020.
>
> Por otra parte, entiendo que los hechos que nos ocupan podrían ser propios para una solicitud de alimentos entre parientes y no una entre excónyuges.
>
> Por lo anterior, expediría y revocaría la *Resolución* del 13 de diciembre de 2022, para desestimar conforme a la Regla 10.2 (5) de las de Procedimiento Civil del 2009.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[28] *Lluch v. España Service Sta.*, *supra*; *Rivera Durán v. Banco Popular*, *supra*.